IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00198-MR

| | |
|---|---|
| JAMES A. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BRENT SIMMONS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

In January 2020, the Honorable Frank D. Whitney, Chief United States District Judge,[1] entered an Order denying the Defendants' motion for summary judgment. [Doc. 45]. In this Order, Chief Judge Whitney concluded that the Plaintiff had failed to demonstrate the existence of exceptional circumstances warranting the appointment of counsel, but stated that the Court would "attempt to locate volunteer counsel to assist Plaintiff at trial." [Id. at 21].

There is no absolute right to the appointment of counsel in civil actions such as this one. The mere fact that the Plaintiff's case is proceeding to trial

---

[1] On April 24, 2020, this matter was reassigned to the undersigned.

does not constitute "exceptional circumstances" warranting the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (holding that plaintiff must present "exceptional circumstances" in order to justify appointment of attorney). The Court previously stated that it was attempt to locate an attorney to represent him at trial. [Doc. 45 at 21]. Having made such efforts, the Court has been unable to identify a volunteer attorney to represent the Plaintiff. Additionally, effective June 9, 2020, the Court has suspended the Court's Prisoner Assistance Program until further notice. [See Misc. Case No. 3:19-mc-00013, Doc. 4]. Accordingly, the Plaintiff will be required to proceed to trial *pro se*.

The Court notes that the Defendants have requested a jury trial in this matter.[2] [See Docs. 21, 27]. The ongoing COVID-19 pandemic has made the scheduling of jury trials within this District increasingly difficult. The parties are therefore advised that if they wish to proceed with a trial by jury, such trial is not likely to occur before January 2021. If, however, the parties unanimously agree to waive their right to a jury, the Court would be able to hold a non-jury (bench) trial during the September 2020 term. The Court will allow the parties fourteen (14) days from the entry of this Order to advise how they wish to proceed.

---

[2] The Plaintiff's Complaint does not appear to contain a jury demand. [See Doc. 1].

**IT IS, THEREFORE, ORDERED** that the Plaintiff will be required to proceed to trial *pro se*.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall advise the Court in writing as to whether they agree to waive their right to a jury trial in this matter.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge