# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00198-MR

| | | |
|---|---|---|
| JAMES A. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRETT SIMMONS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte* on scheduling matters and on *pro se* Plaintiff's Letter [Doc. 60].

In light of the public health considerations more fully described in the Standing Orders of the Chief Judge of the District [see Case No. 3:20-mc-00048], and given both the Court's reduced ability to obtain an adequate spectrum of jurors and the reduced availability of attorneys and Court staff to be present in courtrooms, the Court concludes that the jury trial of this matter should be continued. The trial will be rescheduled in a future order.

In his Letter, the *pro se* incarcerated Plaintiff asks the Court to "help [him] get [his] expert witnesses ready before … trial." [Doc. 60 a 1]. The Plaintiff identifies as expert witnesses: Dr. Blakely, a surgeon at UNC Chapel Hill Hospital; Erica D. Whitted, a registered nurse at Central Prison at the

time when Plaintiff was admitted there; and Anthony Cobbit, an inmate who was in a hallway cage at the time of the alleged excessive force incident.[1] It appears that the Plaintiff may be attempting to request subpoenas to secure these witnesses' presence at trial. This request will be denied as moot in that the March 8, 2021 trial has been continued. This denial is without prejudice for the Plaintiff to seek subpoenas at a future date. The Plaintiff is cautioned that, to support such a request, he will be required to show that he can afford to the pay the costs related to obtaining these witnesses' attendance at trial. See Fed. R. Civ. P. 45(b)(1) (fees[2] and mileage must be tendered for the issuance of subpoenas requiring a person's attendance); United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress."); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C. § 1915 does not authorize the payment of

---

[1] Although the Plaintiff refers to these witnesses as experts, it appears that he intends to call them as fact witnesses at trial. The record reveals that the Plaintiff was referred to Dr. Blakey for his jaw fracture after the alleged use of force; Nurse Whitted had clinical encounters with the Plaintiff after he was transferred to Central Prison for outside medical treatment; and the Plaintiff appears to assert that Cobbit witnessed the use of force incident. The Court notes that the Plaintiff has not provided addresses for Dr. Blakey and Nurse Whitted and that no inmate named "Anthony Cobbit" appears in a search of the North Carolina Department of Public Safety's website. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=list; Fed. R. Ev. 201.

[2] Witness fees do not apply to incarcerated witnesses. 28 U.S.C. § 1821(f).

2

litigation expenses and "[o]rdinarily, the plaintiff must bear the costs of his litigation … even in *pro se* cases.").

In his Letter, the Plaintiff also asks the Court to assist him with "getting [his] Exhibits back from the defendants…." [Doc. 60 at 1]. This request is moot because, in an Order issued on February 5, 2021, the Court instructed the Clerk to mail the Plaintiff a courtesy copy of his summary judgment exhibits. [See Doc. 55].

**IT IS, THEREFORE, ORDERED** that this matter is hereby **CONTINUED** from the March 8, 2021 mixed trial term and will be rescheduled in a future order.

**IT IS FURTHER ORDERED** that Plaintiff's Letter [Doc. 60] is construed as a Motion seeking the issuance of subpoenas and for copies of his summary judgment exhibits and is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed: February 22, 2021

Martin Reidinger
Chief United States District Judge