```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
         3:18-cv-198-GCM
```

| | |
|---|---|
| JAMES A. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRETT SIMMONS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Appointment of Counsel, (Doc. No. 67), and "Motion to Subpoena (3) Witnesses for their Testimony," (Doc. No. 68). Also pending is a Motion *In Limine* filed by Defendants, (Doc. No. 64).

The incarcerated Plaintiff, who is proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 with regards to the alleged use of excessive force at the Lanesboro Correctional Institution. The case was scheduled for a jury trial on March 8, 2021, but that date was continued and the case has now been reassigned. See (Doc. No. 66).

Defendants filed a Motion *In Limine* ahead of the March 8, 2021 trial date. (Doc. No. 64). The Motion is now moot as the trial has been continued. Therefore, it will be denied without prejudice.

In his Motion to Appoint Counsel, the Plaintiff argues that he is unable to afford counsel and has been unable to locate counsel on his own; his imprisonment will greatly limit his ability to litigate this case which involves complex issues that will require significant research and investigation; Plaintiff has no access to a law library and limited knowledge of the law; and the trial will likely involve conflicting testimony which counsel would be better able to present.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, this request is denied.

In his Motion to subpoena witnesses, the Plaintiff cites Rule 16(e) of the Federal Rules of Civil Procedure and seeks, "for their testimony:" Doctor Blakely, a surgeon at UNC Chapel Hill; Erika D. Whitted, a registered nurse at Central Prison Hospital; and Anthony Corbett, an inmate who allegedly witnessed the excessive force incident.[1]

Although the Plaintiff cites Fed. R. Civ. P. 16, it appears that the Plaintiff is seeking to subpoena witnesses for trial pursuant to Fed. R. Civ. P. 45. As the Plaintiff was previously informed in the February 22, 2021 Order denying the Plaintiff's prior request to subpoena witnesses, a request for subpoenas must include the witnesses' addresses so that subpoenas may be issued and a showing that the Plaintiff can afford to pay the costs associated with obtaining the witnesses' attendance at trial. See (Doc. No. 66) (it appears that the Plaintiff may not have yet received the February 22 Order at the time he filed the instant Motion; the Plaintiff is cautioned that making duplicative or vexatious filings may result in such filings being stricken). Further, the issuance of subpoenas at this time would be premature because the trial has not yet been rescheduled. The Plaintiff's request for the issuance of subpoenas for trial is therefore denied at this time. This denial is without prejudice for the Plaintiff to move for the issuance of

---

[1] The North Carolina Department of Public Safety's website includes three individuals named Anthony Corbett, none of whom are currently incarcerated. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=list; Fed. R. Ev. 201.

subpoenas for witnesses' presence at trial after the trial has been rescheduled. In such a motion, the Plaintiff must provide adequate information for the Court to conclude that the subpoenas are being issued for permissible purposes; identify those witnesses so that they can be located and served; and demonstrate that he can pay the costs of securing those witnesses' attendance at trial.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Appointment of Counsel, (Doc. No. 67), and "Motion to Subpoena (3) Witnesses for their Testimony," (Doc. No. 68), are **DENIED**.

2. The Defendants' Motion *In Limine*, (Doc. No. 64), is **DENIED** as moot.

Signed: April 29, 2021

Graham C. Mullen
United States District Judge